EAG:TM/AES
F.#2013R00169

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

PAUL RIVERA,
    also known as "Paul Zance,"
    "Paulee Zance,"
    "Paulie Rivera,"
    "Edgar Rivera,"
    "Zance Rivera" and
    "Steven Rivera," and
MICHAEL GARRETT,
    also known as "Rab" and
    "Roger Rabbit,"

         Defendants.

- - - - - - - - - - - - - - - X

**S U P E R S E D I N G
I N D I C T M E N T**

Cr. No. <u>13-149 (S-3) (KAM)</u>
(T. 18, U.S.C.,
§§ 924(c)(1)(A)(i),
924(c)(1)(A)(ii),
924(c)(1)(A)(iii), 924(d),
924(j)(1), 982, 1512(b)(1),
1512(b)(2)(A), 1512(b)(3),
1512(c)(2), 1591(a)(1),
1591(a)(2), 1591(b)(1),
1591(b)(2), 1594(b) (2007),
1594(c), 1594(d),
1956(a)(1)(A)(i),
1956(a)(1)(B)(i),
1959(a)(1), 1959(a)(5),
1962(c), 1962(d), 1963,
1963(a), 1963(m), 2422(a),
2428, 2 and 3551 <u>et seq.</u>;
T. 21, U.S.C., §§ 841(a)(1),
841(b)(1)(A)(i),
841(b)(1)(A)(iii),
841(b)(1)(C), 841(b)(1)(D),
846, 848(e)(1)(A), 853(a)
and 853(p); T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

<u>INTRODUCTION TO ALL COUNTS</u>

      At all times relevant to this Superseding Indictment,

unless otherwise indicated:

## The Enterprise

1.    "Together Forever," also known as the "TF Mafia" (referred to herein as "TF"), was a group that operated in the neighborhood of Brownsville in Brooklyn, New York, as well as in Scranton, Pennsylvania.  Members and associates of the enterprise have engaged in narcotics trafficking, prostitution, money laundering and acts of violence, including murder and assault.

2.    The defendant PAUL RIVERA, also known as "Paul Zance," "Paulee Zance," "Paulie Rivera," "Edgar Rivera," "Zance Rivera" and "Steven Rivera," was the founder, a leader and member of TF.

3.    The defendant MICHAEL GARRETT, also known as "Rab" and "Roger Rabbit," was a leader and member of TF.

4.    TF, including its leadership, members and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact.  TF constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.  The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

2

## Purposes of the Enterprise

5.    The purposes of the enterprise included the following:

a.    Enriching the members and associates of the enterprise through criminal activity, including prostitution and narcotics trafficking.

b.    Promoting and enhancing the prestige, reputation and position of the enterprise.

c.    Preserving and protecting the power, territory and criminal ventures of the enterprise through the use of intimidation, threats of violence and acts of violence, including assault and murder.

d.    Keeping victims and rivals in fear of the enterprise and its members and associates.

## Means and Methods of the Enterprise

6.    Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the enterprise were the following:

a.    Members of the enterprise and their associates used, attempted to use and conspired to use narcotics trafficking and prostitution as means of obtaining money.

b.    Members of the enterprise and their associates committed, attempted to commit and threatened to commit acts of

3

violence, including murder and assault, to enhance the enterprise's
prestige and protect and expand the enterprise's criminal
operations.

       c.    Members of the enterprise and their associates
used and threatened to use physical violence against various
individuals, including members of TF, to maintain discipline within
the group.

       d.    Members of the enterprise and their associates
engaged in conduct designed to prevent government detection of their
identities, their illegal activities and the location of proceeds
of those activities.  That conduct included money laundering,
witness tampering and attempted witness tampering against
individuals who were perceived as potential witnesses against
members and associates of the enterprise.

<u>COUNT ONE</u>
(Racketeering)

       7.    The allegations contained in paragraphs 1 through 6
are realleged and incorporated as if fully set forth in this
paragraph.

       8.    In or about and between January 2007 and April 2013,
both dates being approximate and inclusive, within the Eastern
District of New York, the District of New Jersey, the Middle District
of Pennsylvania and elsewhere, the defendants PAUL RIVERA, also known

as "Paul Zance," "Paulee Zance," "Paulie Rivera," "Edgar Rivera," "Zance Rivera" and "Steven Rivera," and MICHAEL GARRETT, also known as "Rab" and "Roger Rabbit," together with others, being persons employed by and associated with TF, an enterprise that engaged in, and the activities of which affected, interstate commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of TF through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

<u>RACKETEERING ACT ONE</u>
(Interstate Prostitution/Sex Trafficking/
Sex Trafficking of Children)

9.    The defendants committed the following acts, either of which alone constitutes Racketeering Act One:

A.    <u>Interstate Prostitution</u>

10.    In or about and between January 2007 and January 2012, both dates being approximate and inclusive, within the Eastern District of New York, the Middle District of Pennsylvania and elsewhere, the defendants PAUL RIVERA and MICHAEL GARRETT, together with others, did knowingly and intentionally persuade, induce, entice and coerce one or more individuals to travel in interstate commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

5

B.    Sex Trafficking/Sex Trafficking of Children

11.    In or about and between January 2007 and March 2012,
both dates being approximate and inclusive, within the Eastern
District of New York and elsewhere, the defendants PAUL RIVERA and
MICHAEL GARRETT, together with others, did knowingly and
intentionally recruit, entice, harbor, transport, provide and obtain
by any means one or more persons, in and affecting interstate
commerce, and did benefit, financially and by receiving things of
value, from participation in a venture that engaged in such acts,
knowing that (1) force, fraud and coercion, as described in Title
18, United States Code, Sections 1591(c)(2) (2007) and 1591(e)(2),
would be used to cause such persons to engage in one or more commercial
sex acts, and (2) one or more such persons had not attained the age
of 18 years and would be caused to engage in one or more commercial
sex acts, which offense was effected by force, fraud and coercion,
in violation of Title 18, United States Code, Sections 1591(a)(1),
1591(a)(2) and 2.

RACKETEERING ACT TWO
(Conspiracy to Distribute and Possess with Intent to Distribute
Heroin, Cocaine Base, Cocaine and Marijuana)

12.    In or about and between January 2008 and February
2012, both dates being approximate and inclusive, within the Eastern
District of New York and elsewhere, the defendants PAUL RIVERA and
MICHAEL GARRETT, together with others, did knowingly and

6

intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved (a) a substance containing heroin, a Schedule I controlled substance, (b) a substance containing cocaine base, a Schedule II controlled substance, (c) a substance containing cocaine, a Schedule II controlled substance, and (d) a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 846.

### RACKETEERING ACT THREE
(Possession with Intent to Distribute Heroin)

13.   On or about September 1, 2010, within the District of New Jersey and elsewhere, the defendant MICHAEL GARRETT, together with others, did knowingly and intentionally possess with intent to distribute a controlled substance, which offense involved a substance containing heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

### RACKETEERING ACT FOUR
(Possession with Intent to Distribute Heroin and Cocaine)

14.   On or about January 18, 2012, within the Eastern District of New York and elsewhere, the defendants PAUL RIVERA and MICHAEL GARRETT, together with others, did knowingly and intentionally possess with intent to distribute a controlled substance, which offense involved (a) a substance containing heroin,

7

a Schedule I controlled substance, and (b) a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

### RACKETEERING ACT FIVE
(Money Laundering)

15. In or about and between August 2008 and May 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MICHAEL GARRETT, together with others, did knowingly and intentionally conduct one or more financial transactions in and affecting interstate commerce, which in fact involved the proceeds of a specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Section 841(a), knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity (a) with the intent to promote the carrying on of one or more specified unlawful activity, and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of one or more specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i) and 2.

8

### RACKETEERING ACT SIX
(Murder Conspiracy/Murder of Robert Barber)

16. The defendants committed the following acts, either of which alone constitutes Racketeering Act Six:

A.  Murder Conspiracy

17. On or about and between August 1, 2011 and August 22, 2011, both dates being approximate and inclusive, within the Eastern District of New York, the defendants PAUL RIVERA and MICHAEL GARRETT, together with others, did knowingly and intentionally conspire to cause the death of Robert Barber, also known as "Crowbar," in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.  Murder of Robert Barber

18. On or about August 22, 2011, within the Eastern District of New York, the defendants PAUL RIVERA and MICHAEL GARRETT, together with others, with intent to cause the death of Robert Barber, also known as "Crowbar," did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

### RACKETEERING ACT SEVEN
(Witness Tampering/Attempted Obstruction of Justice)

19. The defendant PAUL RIVERA committed the following acts, either of which alone constitutes Racketeering Act Seven:

9

A.    Witness Tampering

        20.   On or about and between April 4, 2013 and April 10,

2013, both dates being approximate and inclusive, within the Eastern

District of New York, the defendant PAUL RIVERA did knowingly and

intentionally use intimidation, threaten and corruptly persuade a

person, to wit: John Doe #1, a person whose identity is known to the

Grand Jury, and attempt to do so, with intent to (a) prevent the

testimony of such person in an official proceeding, to wit: a criminal

proceeding before a judge and court of the United States in the

Eastern District of New York, (b) cause and induce such person to

withhold testimony from said official proceeding, and (c) hinder,

delay and prevent the communication to one or more law enforcement

officers of the United States, to wit: Special Agents of the Federal

Bureau of Investigation, of information relating to the commission

and possible commission of one or more Federal offenses, in violation

of Title 18, United States Code, Sections 1512(b)(1), 1512(b)(2)(A),

1512(b)(3) and 2.

B.    Attempted Obstruction of Justice

        21.   On or about and between April 4, 2013 and April 10,

2013, both dates being approximate and inclusive, within the Eastern

District of New York, the defendant PAUL RIVERA did knowingly and

intentionally attempt to corruptly obstruct, influence and impede

an official proceeding, to wit: a criminal proceeding before a judge

10

and court of the United States in the Eastern District of New York,
in violation of Title 18, United States Code, Sections 1512(c)(2)
and 2.

(Title 18, United States Code, Sections 1962(c), 1963 and
3551 <u>et</u> <u>seq.</u>)

COUNT TWO
(Racketeering Conspiracy)

22.   The allegations contained in paragraphs 1 through 6
are realleged and incorporated as if fully set forth in this
paragraph.

23.   In or about and between January 2007 and April 2013,
both dates being approximate and inclusive, within the Eastern
District of New York, the District of New Jersey, the Middle District
of Pennsylvania and elsewhere, the defendants PAUL RIVERA, also known
as "Paul Zance," "Paulee Zance," "Paulie Rivera," "Edgar Rivera,"
"Zance Rivera" and "Steven Rivera," and MICHAEL GARRETT, also known
as "Rab" and "Roger Rabbit," together with others, being persons
employed by and associated with TF, an enterprise that engaged in,
and the activities of which affected, interstate commerce, did
knowingly and intentionally conspire to violate Title 18, United
States Code, Section 1962(c), that is, to conduct and participate,
directly and indirectly, in the conduct of the affairs of the

11

enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5).

24. The pattern of racketeering activity through which PAUL RIVERA and MICHAEL GARRETT, together with others, agreed to conduct the affairs of the enterprise consisted of the acts set forth in paragraphs 9 through 21 of Count One, as Racketeering Acts One through Seven, which are realleged and incorporated as if fully set forth herein. Each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

COUNT THREE
(Interstate Prostitution)

25. In or about and between January 2007 and January 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants PAUL RIVERA, also known as "Paul Zance," "Paulee Zance," "Paulie Rivera," "Edgar Rivera," "Zance Rivera" and "Steven Rivera," and MICHAEL GARRETT, also known as "Rab" and "Roger Rabbit," together with others, did knowingly and intentionally persuade, induce, entice and coerce one

12

or more individuals to travel in interstate commerce to engage in prostitution.

(Title 18, United States Code, Sections 2422(a), 2 and 3551 et seq.)

## COUNT FOUR
### (Conspiracy to Engage in Sex Trafficking and Sex Trafficking of Children)

26.  In or about and between January 2009 and March 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants PAUL RIVERA, also known as "Paul Zance," "Paulee Zance," "Paulie Rivera," "Edgar Rivera," "Zance Rivera" and "Steven Rivera," and MICHAEL GARRETT, also known as "Rab" and "Roger Rabbit," together with others, did knowingly and intentionally conspire to recruit, entice, harbor, transport, provide, obtain and maintain by any means one or more persons, in and affecting interstate commerce, and to benefit, financially and by receiving things of value, from participation in a venture that engaged in such acts, knowing that (1) means of force, threats of force, fraud, coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means would be used to cause such persons to engage in one or more commercial sex acts, and (2) one or more such persons had not attained the age of 18 years and would be caused to engage in one or more commercial sex acts, which offense was effected by such means of force, threats

13

of force, fraud, coercion and a combination of such means, contrary
to Title 18, United States Code, Sections 1591(a)(1) and 1591(a)(2).

(Title 18, United States Code, Sections 1594(c),
1591(b)(1), 1591(b)(2) and 3551 et seq.)

COUNT FIVE
(Sex Trafficking/Sex Trafficking of Children)

27.  In or about and between January 2007 and March 2012,
both dates being approximate and inclusive, within the Eastern
District of New York and elsewhere, the defendants PAUL RIVERA, also
known as "Paul Zance," "Paulee Zance," "Paulie Rivera," "Edgar
Rivera," "Zance Rivera" and "Steven Rivera," and MICHAEL GARRETT,
also known as "Rab" and "Roger Rabbit," together with others, did
knowingly and intentionally recruit, entice, harbor, transport,
provide and obtain by any means one or more persons, in and affecting
interstate commerce, and did benefit, financially and by receiving
things of value, from participation in a venture that engaged in such
acts, knowing that (1) force, fraud and coercion, as described in
Title 18, United States Code, Sections 1591(c)(2)(2007) and
1591(e)(2), would be used to cause such persons to engage in one or
more commercial sex acts, and (2) one or more such persons had not
attained the age of 18 years and would be caused to engage in one

14

or more commercial sex acts, which offense was effected by force, fraud and coercion.

(Title 18, United States Code, Section 1591(a)(1), 1591(a)(2), 1591(b)(1), 1591(b)(2), 2 and 3551 et seq.)

<u>COUNT SIX</u>
(Conspiracy to Distribute and Possess with Intent to Distribute Heroin, Cocaine Base, Cocaine and Marijuana)

28. In or about and between January 2008 and February 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants PAUL RIVERA, also known as "Paul Zance," "Paulee Zance," "Paulie Rivera," "Edgar Rivera," "Zance Rivera" and "Steven Rivera," and MICHAEL GARRETT, also known as "Rab" and "Roger Rabbit," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved (a) one kilogram or more of a substance containing heroin, a Schedule I controlled substance, (b) 280 grams or more of a substance containing cocaine base, a Schedule II controlled substance, (c) a substance containing cocaine, a Schedule II controlled substance, and (d) a substance containing marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1). The amount of heroin involved in the conspiracy attributable to the defendants as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them,

15

was one kilogram or more of a substance containing heroin. The amount of cocaine base involved in the conspiracy attributable to the defendants as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, was 280 grams or more of a substance containing cocaine base.

(Title 21, United States Code, Sections 846, 841(b)(1)(A)(i), 841(b)(1)(A)(iii), 841(b)(1)(C) and 841(b)(1)(D); Title 18, United States Code, Sections 3551 et seq.)

COUNT SEVEN
(Possession with Intent to Distribute Heroin and Cocaine)

29. On or about January 18, 2012, within the Eastern District of New York and elsewhere, the defendants PAUL RIVERA, also known as "Paul Zance," "Paulee Zance," "Paulie Rivera," "Edgar Rivera," "Zance Rivera" and "Steven Rivera," and MICHAEL GARRETT, also known as "Rab" and "Roger Rabbit," together with others, did knowingly and intentionally possess with intent to distribute a controlled substance, which offense involved (a) a substance containing heroin, a Schedule I controlled substance, and (b) a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

16

## COUNT EIGHT
(Money Laundering)

30.    In or about and between August 2008 and May 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MICHAEL GARRETT, also known as "Rab," and "Roger Rabbit," together with others, did knowingly and intentionally conduct one or more financial transactions in and affecting interstate commerce, which in fact involved the proceeds of a specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Section 841(a), knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity (a) with the intent to promote the carrying on of one or more specified unlawful activity and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of one or more specified unlawful activity.

(Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq.)

## COUNT NINE
(Conspiracy to Commit Murder in-Aid-of Racketeering)

31.    At all times relevant to this Superseding Indictment, TF, as more fully described in paragraphs 1 through 6 above, which are realleged and incorporated as if fully set forth in this

paragraph, constituted an "enterprise" as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate commerce.

32. At all times relevant to this Superseding Indictment, TF, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, acts indictable under Title 18, United States Code, Sections 2422(a) and 1591 (interstate prostitution and sex trafficking), Title 18, United States Code, Section 1956 (money laundering) and Title 21, United States Code, Sections 841(a)(1) and 846 (narcotics trafficking conspiracy and narcotics trafficking).

33. On or about and between August 1, 2011 and August 22, 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants PAUL RIVERA, also known as "Paul Zance," "Paulee Zance," "Paulie Rivera," "Edgar Rivera," "Zance Rivera" and "Steven Rivera," and MICHAEL GARRETT, also known as "Rab" and "Roger Rabbit," together with others, as consideration for the receipt of something of pecuniary value, to wit, a sum of money and narcotics from TF, and for the purpose of maintaining and increasing position in TF, did knowingly and intentionally conspire to murder Robert Barber, also known as

18

"Crowbar," in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

COUNT TEN
(Murder in-Aid-of Racketeering)

34.  The allegations contained in paragraphs 1 through 6 and 31 and 32 are realleged and incorporated as if fully set forth in this paragraph.

35.  On or about August 22, 2011, within the Eastern District of New York, the defendants PAUL RIVERA, also known as "Paul Zance," "Paulee Zance," "Paulie Rivera," "Edgar Rivera," "Zance Rivera" and "Steven Rivera," and MICHAEL GARRETT, also known as "Rab" and "Roger Rabbit," together with others, as consideration for the receipt of something of pecuniary value, to wit, a sum of money and narcotics from TF, and for the purpose of maintaining and increasing position in TF, did knowingly and intentionally murder Robert Barber, also known as "Crowbar," in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

### COUNT ELEVEN
(Murder - While Engaged in Narcotics Trafficking Offense)

36.  On or about August 22, 2011, within the Eastern District of New York, the defendants PAUL RIVERA, also known as "Paul Zance," "Paulee Zance," "Paulie Rivera," "Edgar Rivera," "Zance Rivera" and "Steven Rivera," and MICHAEL GARRETT, also known as "Rab" and "Roger Rabbit," together with others, while engaged in an offense punishable under Section 841(b)(1)(A) of Title 21 of the United States Code, to wit: conspiracy to distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) one kilogram or more of a substance containing heroin, a Schedule I controlled substance, and (b) 280 grams or more of a substance containing cocaine base, a Schedule II controlled substance, did knowingly and intentionally kill, counsel, command, induce, procure and cause the intentional killing of an individual, to wit: Robert Barber, also known as "Crowbar," and such killing did result.

(Title 21, United States Code, Section 848(e)(1)(A); Title 18, United States Code, Sections 2 and 3551 et seq.)

### COUNT TWELVE
(Witness Tampering)

37.  On or about and between April 4, 2013 and April 10, 2013, both dates being approximate and inclusive, within the Eastern District of New York, the defendant PAUL RIVERA, also known as "Paul

Zance," "Paulee Zance," "Paulie Rivera," "Edgar Rivera," "Zance

Rivera" and "Steven Rivera," did knowingly and intentionally use

intimidation, threaten and corruptly persuade a person, to wit: John

Doe #1, and attempt to do so, with intent to (a) prevent the testimony

of such person in an official proceeding, to wit: a criminal

proceeding before a judge and court of the United States in the

Eastern District of New York, (b) cause and induce such person to

withhold testimony from said official proceeding, and (c) hinder,

delay and prevent the communication to one or more law enforcement

officers of the United States, to wit: Special Agents of the Federal

Bureau of Investigation, of information relating to the commission

and possible commission of one or more Federal offenses.

(Title 18, United States Code, Sections 1512(b)(1),

1512(b)(2)(A), 1512(b)(3), 2 and 3551 et seq.)

## COUNT THIRTEEN
(Attempted Obstruction of Justice)

38.   On or about and between April 4, 2013 and April 10,

2013, both dates being approximate and inclusive, within the Eastern

District of New York, the defendant PAUL RIVERA, also known as "Paul

Zance," "Paulee Zance," "Paulie Rivera," "Edgar Rivera," "Zance

Rivera" and "Steven Rivera," did knowingly and intentionally attempt

to corruptly obstruct, influence and impede an official proceeding,

21

to wit: a criminal proceeding before a judge and court of the United States in the Eastern District of New York.

(Title 18, United States Code, Sections 1512(c)(2), 2 and 3551 et seq.)

### COUNT FOURTEEN
(Using, Carrying and Possessing a Firearm)

39.    In or about and between January 2007 and February 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants PAUL RIVERA, also known as "Paul Zance," "Paulee Zance," "Paulie Rivera," "Edgar Rivera," "Zance Rivera" and "Steven Rivera," and MICHAEL GARRETT, also known as "Rab" and "Roger Rabbit," together with others, did knowingly and intentionally (a) use and carry one or more firearms during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts One, Two, Nine, Ten and Eleven, and did knowingly and intentionally possess such firearms in furtherance of said crimes of violence, which firearms were brandished and discharged; and (b) use and carry one or more firearms during and in relation to one or more drug trafficking crimes, to wit: the crime charged in Count Six, and did knowingly and intentionally possess such firearms in furtherance of said drug trafficking crime.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

22

COUNT FIFTEEN
(Causing Death Through Use of a Firearm)

40. On or about August 22, 2011, within the Eastern District of New York, the defendants PAUL RIVERA, also known as "Paul Zance," "Paulee Zance," "Paulie Rivera," "Edgar Rivera," "Zance Rivera" and "Steven Rivera," and MICHAEL GARRETT, also known as "Rab" and "Roger Rabbit," together with others, in the course of one or more violations of Title 18, United States Code, Section 924(c), to wit: the crimes charged in Count Fourteen, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111(a), in that the defendants together with others, with malice aforethought, did unlawfully kill Robert Barber willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE AND TWO

41. The United States hereby gives notice to the defendants charged in Counts One and Two that, upon their conviction of either of such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1963, which requires any person convicted of such offenses to forfeit:

a.   any interest such defendant has acquired and maintained in violation of Title 18, United States Code, Section 1962, which interest is subject to forfeiture pursuant to Title 18, United States Code, Section 1963(a)(1);

b.   any interest in, security of, claims against, or property or contractual right of any kind affording a source of influence over any enterprise which such defendant has established, operated, controlled, conducted or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and

c.   any property constituting or derived from any proceeds such defendant obtained, directly and indirectly, from the racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

42.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

24

e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property.

(Title 18, United States Code, Sections 1963(a) and 1963(m))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT THREE

43.   The United States hereby gives notice to the defendants charged in Count Three that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2428, which requires any person convicted of such offense to forfeit any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offense and any property, real or personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of such offense.

44.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

25

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 2428; Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS FOUR AND FIVE

45. The United States hereby gives notice to the defendants charged in Counts Four and Five that, upon their conviction of either of such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Sections 1594(b) (2007) and 1594(d), of any interest in any property, real or personal, that was used or intended to be used to commit or to

facilitate the commission of such offenses, and any property, real or personal, constituting or derived from any proceeds obtained directly or indirectly, as a result of such offenses.

46.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 1594(b) (2007) and 1594(d); Title 21, United States Code, Section 853(p))

27

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS SIX AND SEVEN

47.   The United States hereby gives notice to the defendants charged in Counts Six and Seven that, upon their conviction of either of such offenses, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offenses, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offenses.

48.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty;

28

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT EIGHT

49.   The United States hereby gives notice to the defendant charged in Count Eight that, upon his conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982, which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable to such property.

50.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982; Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS FOURTEEN AND FIFTEEN

51.    The United States hereby gives notice to the defendants charged in Counts Fourteen and Fifteen that, upon their conviction of either of such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 924(c), or any violation of any criminal law of the United States, including but not limited to: (a) one Colt semi-automatic .25 caliber pistol with a silver and black handle, bearing serial number 254498, (b) one silver slide for a .380 caliber semi-automatic pistol, (c) one .380 caliber semi-automatic ammunition round, and (d) one

gray magazine for a .380 automatic pistol containing four .380
rounds, all of which were seized from 361B Sutter Avenue, Brooklyn,
New York, on or about August 22, 2012; and (e) one Llama
semi-automatic .45 caliber firearm, bearing serial number
71-04-12570-01, (f) one Colt semi-automatic .45 caliber firearm,
bearing serial number PG008894, (g) 25 rounds of .45 caliber
ammunition, all of which were seized from a coconspirator in
Brooklyn, New York, on or about August 25, 2011.

      52.  If any of the above-described forfeitable property,
as a result of any act or omission of the defendants:

      a.  cannot be located upon the exercise of due
diligence;

      b.  has been transferred or sold to, or deposited
with, a third party;

      c.  has been placed beyond the jurisdiction of the
court;

      d.  has been substantially diminished in value; or

      e.  has been commingled with other property which
cannot be divided without difficulty;
it is the intent of the United States, pursuant to Title 21, United
States Code, Section 853(p), as incorporated by Title 28, United
States Code, Section 2461(c), to seek forfeiture of any other

31

property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

32

F. #2013R00169
FORM DBD-34
JUN. 85

No. 13-CR-0149 (S-3) (KAM)

# UNITED STATES DISTRICT COURT

## EASTERN *District of* NEW YORK

## CRIMINAL DIVISION

### THE UNITED STATES OF AMERICA

*vs.*

*PAUL RIVERA, also known as "Paul Zance," "Paulee Zance," "Paulie Rivera," "Edgar Rivera," "Zance Rivera" and "Steven Rivera," and MICHAEL GARRETT, also known as "Rab" and "Roger Rabbit,"*

Defendants.

# SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(d), 924(j)(1), 982, 1512(b)(1), 1512(b)(2)(A), 1512(b)(3), 1512(c)(2), 1591(a)(1), 1591(a)(2), 1591(b)(1), 1591(b)(2), 1594(b) (2007), 1594(c), 1594(d), 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1959(a)(1), 1959(a)(5), 1962(c), 1962(d), 1963, 1963(a), 1963(m), 2422(a), 2428, 2 and 3551 et seq.; T. 21, U.S.C., §§ 841(a)(1), 841(b)(1)(A)(i), 841(b)(1)(A)(iii), 841(b)(1)(C), 841(b)(1)(D), 846, 848(e)(1)(A), 853(a) and 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
Foreperson

*Filed in open court this* _____ 28th _____ *day,*

*of* April _____ *A.D. 20* 14 _____

_____
Clerk

*Bail,* $ _____

_____
*Taryn A. Merkl & Alixandra E. Smith, Asst. U.S. Attorneys, (718) 254-6064 & (718) 254-6370*