UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,

    -against-

PAUL RIVERA,
MICHAEL GARRETT,

                  Defendants.
------------------------------------X

**ORDER**
13-CR-149 (KAM)

**MATSUMOTO, United States District Judge:**

        The court is in receipt of a letter dated April 22, 2015 (ECF No. 284) received from the Legal Department of the Metropolitan Correctional Center (MCC), seeking reconsideration of this court's order dated April 17, 2015 (ECF No. 278)[1], granting Mr. Garrett's April 17, 2015 request (ECF No. 277) that MCC authorize a visit from Mr. Garrett's mother, significant other, and minor child, on or before April 27, 2015. The court was unaware of the circumstances described in the MCC's letter at the time it issued its April 17, 2015 order. Accordingly, the court vacates and modifies its April 17, 2015 order as set forth below, for the reasons that follow.

---

[1] The court's order was endorsed on a letter dated April 17 from Mr. Garrett's counsel (ECF No. 277) providing the names of Mr. Garrett's mother, significant other, and minor child.

The MCC's reconsideration letter advises that on April 8, 2014, Mr. Garrett tested positive for Cannabinoids THC, the use of which is a BOP Prohibited Act under Code 112.  The MCC Warden's Office advised the court by telephone on April 22, 2015 that Mr. Garrett had received a visit from his significant other prior to his positive test on April 8, 2014.  Following a Disciplinary Hearing, the MCC imposed sanctions on Mr. Garrett, effective June 24, 2014, which included, *inter alia*, a one year loss of visiting privileges, to be followed by one year of visits only from immediate family members.  The BOP takes the position that at the present time, the one year loss of visiting privileges is in effect until June 24, 2015, after which date Mr. Garrett may receive visits only from his immediate family for one year, or until June 24, 2016, after which time normal visiting privileges may be resumed.

"Immediate family" is defined on the Bureau of Prisons (BOP) website as follows: "Mother, Father, Step-parent(s), Foster parent(s), Brothers, Sisters, Spouse, Children," and further provides that "Common-law spouses are considered immediate family if the state recognizes common-law marriages." (http://www.bop.gov/inmates/visiting.jsp)  New York does not recognize common-law marriages and Mr. Garrett has not claimed that his significant other and he are considered to be common-law spouses under any other state law that recognizes common-law

spouses. *See Matter of Benjamin*, 311, N.E.2d 495 (N.Y. 1974). Accordingly, Mr. Garrett's significant other is not a spouse as defined by the BOP.

This court recognizes that the Bureau of Prisons is authorized to impose sanctions on inmates for the commission of prohibited or illegal acts, that reflect the seriousness of the violation and to deter prohibited behavior in the future. This court also recognizes that courts are to give deference to the BOP's sanctions determinations if the inmate was accorded notice and an opportunity to contest the violation. *See, e.g. Reno v. Koray*, 515 U.S. 50, 60-61 (1995) (finding that "BOP's internal agency guideline, which is akin to an interpretive rule that does not require notice and comment is . . . entitled to some deference"); *Sash v. Zenk*, 428 F.3d 132, 134-35 (2d Cir. 2005) (Sotomayor, J.) (according *Chevron* deference to BOP interpretation statute governing the calculation of credits awarded to prisoners for good behavior).

In consideration of the above, and given the serious nature of the charges against Mr. Garrett and the serious mandatory penalties if he is convicted at trial, the court modifies its April 17, 2015 order to direct that Mr. Garrett's mother and minor child be permitted to visit him on or before April 27, 2015. The court vacates its April 17, 2015 order as

to Mr. Garrett's significant other, who may visit him in accordance with the visiting sanctions imposed by the MCC.

**SO ORDERED.**

Dated: April 22, 2015
      Brooklyn, New York

```
                               _____   /s/_____
                               KIYO A. MATSUMOTO
                               United States District Judge
                               Eastern District of New York
```